IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–02584–WYD–KMT

MARISOL SILVA,

    Plaintiff,

v.

COAST TO COAST FINANCIAL SOLUTIONS, INC., a California corporation,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court *sua sponte* to consider the status of legal representation of Defendant and its ability to participate in case activities and Defendant's failure to respond to this court's Order to Show Cause.

    On May 14, 2015, this court granted Defendant's counsel's "Motion to Withdraw as Attorney of Record Pursuant to D.C.COLO.LAttyR 5." (Doc. No. 17, filed May 1, 2015). (Doc. No. 55.)  In its Minute Order granting the motion, the court ordered Defendant to obtain counsel and file an entry of appearance for counsel on or before June 4, 2015. (*Id.*)  The court further advised Defendant that if it did not obtain substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed in accordance with D.C.Colo.LAttyR 5(b). (*Id.*)  Defendant failed to obtain counsel.

    On June 26, 2015, this court entered an order that Defendant, on or before July 10, 2015, show cause in writing, by and through legal counsel, whose appearance for Defendant has been

entered properly in this case, why default judgment should not be entered against it as permitted by D.C.COLO.LAttyR 5(b).  Defendant was warned that failure to respond to the Order to Show Cause would result in a recommendation that default judgment be entered against it.  Defendant did not respond to the Order to Show Cause.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Local rule 5(b) specifically contemplates the entry of default judgment or other appropriate sanctions where a corporate defendant does not promptly obtain and enter an appearance for substitute counsel.  D.C.COLO.LAttyR 5(b).  The sanction imposed must be "just" and related to the particular claim or claims at issue.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir.1992) (citation and internal quotation marks omitted).  Before the drastic sanction of default judgment may be imposed, the court must address the factors set forth in *Ehrenhaus*, namely: "(1) the degree of actual prejudice to the [injured party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (citations and internal quotation marks omitted).

The *Ehrenhaus* factors are satisfied here.  Defendant has failed to respond to court orders and apparently has made no effort to find new counsel to represent it in this matter now that its original counsel has withdrawn.  Defendant's refusal to engage in the litigation has prejudiced Plaintiff's efforts to prosecute her claims and try the case.  Defendant has already substantially interfered with the judicial process.  Nothing in the record suggests that it is not aware of the

litigation or has not received the court's orders.  Instead, it appears that defendant has consciously determined to act as if the litigation does not exist.  Defendant was warned expressly and specifically that its continued failure to respond to the court's orders would result in the recommendation that default judgment be entered; indeed, it was ordered to show cause why default judgment should not be entered against it for failure to appear through duly appointed counsel.  Given Defendant's clear decision not to participate in this litigation, the court finds that a lesser sanction would not be efficacious.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that default judgment be entered against Defendant Coast to Coast Financial Solutions, Inc. and in favor of Plaintiff Marisol Silva.  The court further

**RECOMMENDS** that Plaintiff file an accounting of damages she believes are recoverable based on her claims.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge